**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ALONZO J. KLING** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-690-SDD-EWD** |
| **COX COMMUNICATIONS INC.** | |

**NOTICE AND ORDER**

This is a civil action involving claims for damages based upon the injuries allegedly sustained by Alonzo J. Kling ("Plaintiff") as a result of a motor vehicle accident that occurred on or about August 14, 2016.[1] On or about August 8, 2017, Plaintiff filed a Petition for Damages against Cox Communications, Inc., a subsidiary of Cox Enterprises, Inc., in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.[2] The matter was removed to this Court by Cox Communications Louisiana, LLC on September 28, 2017, on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a).[3] In the Notice of Removal, Cox Communications Louisiana, LLC alleges that it "has been named as a defendant in the above titled civil action" and that Plaintiff "seeks to recover on a state law claim of negligence against Cox Communications Louisiana, LLC."[4]

Despite Cox Communications Louisiana, LLC's assertion that it was named as a defendant in Plaintiff's Petition for Damages, the Petition expressly names "Cox Communications, Inc., a subsidiary of Cox Enterprises, Inc." as the defendant.[5] The removal statute, 28 U.S.C. § 1441(a)

---

[1] R. Doc. 1-3 at ¶ 3.
[2] R. Doc. 1-3.
[3] R. Doc. 1.
[4] R. Doc. 1 at ¶¶ 1-2.
[5] *See*, R. Doc. 1-3 at p. 1.

provides that, "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed **by the defendant or the defendants**, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). In an unpublished opinion, the Fifth Circuit has stated that, "Under 28 U.S.C. § 1441(a), only a defendant may remove a civil action from state court to federal court. A non-party, even one that claims to be a real party in interest, lacks the authority to institute removal proceedings." *De Jongh v. State Farm Lloyds*, 555 F. App'x 435, 437 (5th Cir. 2014) (citing *Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 575 (5th Cir. 2006)). The *De Jongh* court further explained that, "In *Salazar*, we held, under facts nearly identical to those here, that a district court cannot 'create removal jurisdiction based on diversity by substituting parties.'" *De Jongh*, 555 F. App'x at 438 (citing *Salazar*, 455 F.3d at 573). However, other courts in this Circuit have distinguished situations in which a removing party is merely misnamed (*i.e.*, all parties agree that the removing party is the proper defendant) and the court "would not be manufacturing diversity jurisdiction based on inserting defendants into or dismissing them from a case." *Lefort v. Entergy Corp.*, Civ. A. No. 15-1245, 2015 WL 4937906, at *3 (E.D. La. Aug. 18, 2015).

Here, Plaintiff's Petition for Damages alleges the following:

> 3.
> On or about August 14, 2016, defendant, Cox Communications, Inc., a subsidiary of Cox Enterprises, Inc., was performing utility work along Antioch Road in Baton Rouge, Louisiana. Plaintiff, Alonzo J. Kling, was driving his 2001 Mercedes on Antioch Road when, suddenly and without notice, a Cox Communications cable hit his windshield, chipping it in three places.
>
> 4.
> The aforesaid accident was caused through the negligence of defendant, Cox Communications, Inc., a subsidiary of Cox

> Enterprises, Inc., its employees and/or contractors, in the following particulars, among others to be shown at the time of trial . . . ."[6]

Based on the allegations in the Petition, it appears that Plaintiff intended to name as a defendant the Cox Communications entity that was performing utility work on Antioch Road in Baton Rouge, Louisiana on August 14, 2016. To the extent that Cox Communications Louisiana, LLC alleges that it is the Cox Communications entity that performed such work and to the extent that Cox Communications Louisiana, LLC and Cox Communications, Inc. are both diverse from the Plaintiff, the question of which party is the proper defendant does not affect whether this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) (*i.e.*, the *de facto* substitution of Cox Communications Louisiana, LLC in the place of Cox Communications, Inc.—to the extent that such substitution would be proper—would not result in the manufacturing of diversity in contravention of *De Jongh*).

However, proper information regarding the citizenship of all parties is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. The Notice of Removal contains the following allegations regarding the citizenship of the parties:

> 4.
> Upon information and belief, plaintiff is, and was at all times pertinent hereto, domiciled in and a resident of the State of Louisiana.
> 5.
> Defendant, Cox Communications Louisiana, LLC, is a foreign limited liability company incorporated in the State of Delaware, with its principal place of business in Atlanta, Georgia. Defendant's members are Cox Advanced Services Louisiana, LLC, and Cox Louisiana Telecom, LLC. Cox Advanced Services Louisiana, LLC's sole member is Cox Louisiana Telecom, LLC, and Cox Louisiana Telecom, LLC's sole member is Cox Communications Louisiana, LLC. Both Cox Advanced Services Louisiana, LLC, and Cox Louisiana Telecom, LLC, are incorporated in the State of

---
[6] R. Doc. 1-3 at ¶¶ 3-4.

3

> Delaware, with their principal place of business located at 6205-B
> Peachtree Dunwoody Road, Atlanta, Georgia 30328.[7]

Citizenship has not been adequately alleged in the Notice of Removal. While the citizenship of the plaintiff, Alonzo J. Kling, has been properly alleged,[8] the citizenship of Cox Communications Louisiana, LLC has not been adequately alleged. For purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Thus, to properly allege the citizenship of a limited liability company, a party must identify each of the members of the limited liability company, and the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c). The same requirement applies to any member of a limited liability company which is also a limited liability company. *See, Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [so] can result in dismissal for want of jurisdiction.") (citations omitted).

The Notice of Removal also fails to allege the citizenship of Cox Communications, Inc., the entity named as a defendant in the state court Petition. The Fifth Circuit has held that, "For diversity jurisdiction purposes, a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business." *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (*citing* 28 U.S.C. § 1332(c)). Thus, to properly allege the citizenship of a corporation, a party must identify the place of incorporation

---

[7] R. Doc. 1 at ¶¶ 4-5.
[8] The Fifth Circuit has explained that, "For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted).

and the corporation's principal place of business in accordance with the requirements of 28 U.S.C. § 1332(c).

With respect to the amount in controversy, the only allegation contained in the Notice of Removal is that, "This action is of a civil nature and, upon information and belief, the amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C.A. § 1332."[9] It is not apparent from the face of Plaintiff's Petition for Damages or the Notice of Removal that Plaintiff's claims in this matter are likely to exceed $75,000. In the Petition, Plaintiff alleges that as a result of the defendant's negligence he "sustained property damages to his 2001 Mercedes" and "suffered injuries to his neck, as well as fear, fright, panic, and terror, and in fact, thought that he had been shot."[10] Plaintiff further asserts that he "has suffered damages, past, present, and future, itemized as follows: (a) Property damage; (b) Medical expenses; (c) Mental anguish and suffering; and, (d) Physical pain and suffering; and plaintiff claims damages as are reasonable in the premises."[11] While Plaintiff seeks several items of damages, there is no indication of the amount in controversy related to his alleged damages.

Although Plaintiff has not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically, whether the amount in controversy requirement has been met.

Accordingly,

**IT IS HEREBY ORDERED** that Cox Communications Louisiana, LLC shall have ten (10) days from the date of this Notice and Order to file a comprehensive amended Notice of Removal without further leave of Court properly setting forth the citizenship particulars and the

---

[9] R. Doc. 1 at ¶ 6.
[10] R. Doc. 1-3 at ¶¶ 5-6.
[11] R. Doc. 1-3 at ¶ 7.

amount in controversy, as required to establish that the Court has diversity jurisdiction over this case under 28 U.S.C. § 1332(a).

**IT IS FURTHER ORDERED** that within ten (10) days of Cox Communications Louisiana, LLC filing its amended Notice of Removal, Plaintiff shall either file a memorandum and supporting evidence regarding subject matter jurisdiction or a Motion to Remand for lack of subject matter jurisdiction. The supplemental memorandum shall be limited to ten (10) pages and shall specifically address whether there is diversity jurisdiction under 28 U.S.C. § 1332(a). Once the Court has reviewed the amended Notice of Removal and the supplemental memorandum, the Court will either allow the case to proceed if jurisdiction is present or address the Motion to Remand filed by Plaintiff.

**IT IS FURTHER ORDERED** that if plaintiff, Alonzo J. Kling, agrees with the allegations set forth in the Notice of Removal that Cox Communications Louisiana, LLC is the proper defendant in this matter, Plaintiff shall file an Amended Complaint within fourteen (14) days of this Notice and Order. The Amended Complaint shall be comprehensive (*i.e.*, it may not refer back to or rely on any previous pleading) and must explicitly set forth the citizenship of each party).

Signed in Baton Rouge, Louisiana, on September 29, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**