# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ALONZO J. KLING**                                    **CIVIL ACTION**

**VERSUS**                                             **NO. 17-690-SDD-EWD**

**COX COMMUNICATIONS INC.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on November 3, 2017.

                               **ERIN WILDER-DOOMES**
                               **UNITED STATES MAGISTRATE JUDGE**

| | |
|---|---|
| ALONZO J. KLING | CIVIL ACTION |
| VERSUS | NO. 17-690-SDD-EWD |
| COX COMMUNICATIONS INC. | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is a Motion to Remand, filed by plaintiff Alonzo J. Kling.[1] The Motion to Remand is unopposed.[2] For the following reasons, the undersigned recommends[3] that the unopposed Motion to Remand be **GRANTED** and that this matter be **REMANDED** to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, for lack of subject matter jurisdiction under 28 U.S.C. § 1332.

**Factual and Procedural Background**

On or about August 3, 2017, Plaintiff filed a Petition for Damages in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, against Cox Communications, Inc., a subsidiary of Cox Enterprises, Inc. ("Cox, Inc."), seeking damages for the injuries Plaintiff allegedly sustained as a result of a motor vehicle accident that occurred on or

---

[1] R. Doc. 8.
[2] *See*, R. Doc. 8 at ¶ 4 ("In accordance with the requirements of Local Rule 7(f), undersigned counsel does hereby certify that opposing counsel has no opposition to this remand of this matter to the 19th Judicial District Court for the Parish of East Baton Rouge for further proceedings."). Additionally, on October 11, 2017, Cox Communications Louisiana, LLC (the removing party) filed a Memorandum in Reference to Amended Notice of Removal of Civil Action "to simply inform the Court that plaintiff has admitted that his claims do not exceed $50,000.00, exclusive of interest and costs. Accordingly, defendant consents to remand of this matter to state court." R. Doc. 6.
[3] The Fifth Circuit has held that, "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to de novo review." *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 765 (5th Cir. 2016). As such, a report and recommendation, rather than a ruling, is being issued relative to the instant Motion.

about August 14, 2016.[4] Plaintiff alleges that Cox, Inc. was performing utility work along Antioch Road in Baton Rouge, Louisiana and that Plaintiff was driving his vehicle on Antioch Road when "suddenly and without notice, a Cox Communications cable hit his windshield, chipping it in three places."[5] Plaintiff asserts that he sustained property damages to his vehicle and that, "as a result of the startling event described above, plaintiff, a gentleman in his 80's, suffered injuries to his neck, as well as fear, fright, panic, and terror, and, in fact, thought that he had been shot."[6] Plaintiff further asserts that he is entitled to past, present and future damages, which damages include property damages, medical expenses, mental anguish and suffering, and physical pain and suffering.[7]

On September 28, 2017, Cox Communications Louisiana, LLC ("Cox, LLC") filed a Notice of Removal of Civil Action, asserting this Court has diversity jurisdiction under 28 U.S.C. § 1332(a).[8] In the Notice of Removal, Cox, LLC alleges that, "Cox Communications Louisiana, LLC has been named as a defendant in the above titled civil action," and that Plaintiff, "seeks to recover on a state law claim of negligence against Cox Communications Louisiana, LLC."[9] Cox, LLC asserts that there is complete diversity because Plaintiff is a Louisiana citizen and Cox, LLC "is a foreign limited liability company incorporated in the State of Delaware, with its principal place of business in Atlanta, Georgia."[10] Cox, LLC further asserts that its two members are also limited liability companies that are "incorporated in the State of Delaware, with their principal place of business located at 6205-B Peachtree Dunwoody Road, Atlanta, Georgia 30328."[11] Cox,

---

[4] *See,* R. Doc. 1-3. The Petition was originally filed by facsimile on August 3, 2017, and a copy of the Petition was received by the Clerk of Court on August 8, 2017, in accordance with La. R.S. 13:850. *Id.* at p. 1.
[5] R. Doc. 1-3 at ¶ 3.
[6] *Id.* at ¶¶ 5 and 6.
[7] *Id.* at ¶ 7.
[8] R. Doc. 1 at ¶ 6.
[9] *Id.* at ¶¶ 1 and 2.
[10] *Id.* at ¶¶ 4 and 5.
[11] *Id.* at ¶ 5.

LLC alleges that, "upon information and belief, the amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C.A. § 1332."[12]

Because the Notice of Removal was not filed by Cox, Inc., the sole defendant named in the state court Petition, the undersigned issued a Notice and Order on September 29, 2017, requiring Cox, LLC to file an amended comprehensive Notice of Removal properly alleging the citizenship of Cox, Inc. to show that the *de facto* substitution of Cox, LLC in the place of Cox, Inc., to the extent that such substitution would be proper, would not result in the manufacturing of diversity jurisdiction in contravention of *De Jongh v. State Farm Lloyds*, 555 F. App'x 435, 437 (5th Cir. 2014).[13]

On October 9, 2017, Cox, LLC filed an Amended Notice of Removal of Civil Action, as ordered by the Court, asserting that the parties are diverse based upon the same allegations contained in the original Notice of Removal and the fact that Cox, Inc. is citizen of Delaware and Georgia for purposes of diversity jurisdiction.[14] In the Amended Notice of Removal, Cox, LLC maintains that the amount in controversy exceeds $75,000 based upon the damages sought by Plaintiff in the Petition.[15]

Two days later on October 11, 2017, Cox, LLC filed a Memorandum in Reference to Amended Notice of Removal of Civil Action to "simply inform the Court that plaintiff has admitted that his claims do not exceed $50,000.00, exclusive of interest and costs."[16] The Memorandum further states that, "defendant consents to remand of this matter to state court."[17]

---

[12] R. Doc. 1 at ¶ 6.
[13] R. Doc. 3.
[14] R. Doc. 5 at ¶¶ 4-13.
[15] R. Doc. 5 at ¶¶ 14-16.
[16] R. Doc. 6.
[17] *Id.*

On October 24, 2017, Plaintiff filed the instant Motion to Remand, asserting that his claim does not meet the jurisdictional threshold required by 28 U.S.C. § 1332(a) and that this matter should be remanded for lack of subject matter jurisdiction.[18] Plaintiff further asserts, "In accordance with the requirements of Local Rule 7(f), undersigned counsel does hereby certify that opposing counsel has no opposition to this remand of this matter to the 19th Judicial District Court for the Parish of East Baton Rouge for further proceedings."[19]

**Applicable Law and Analysis**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332(a), when original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). Remand is proper if at any time the court lacks subject matter jurisdiction. *See*, 28 U.S.C. § 1447(c). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If, however, the "State practice . . . does not permit demand for a specific sum . . .

---

[18] R. Doc. 8 at ¶ 3.
[19] *Id*. at ¶ 4.

[removal] is proper if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). "In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists." *Morton v. State Farm Ins. Co.*, 250 F.R.D. 273, 274 (E.D. La. 2008) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)). The removing party may make this showing in either of two ways: "(1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.'" *Luckett*, 171 F.3d at 298 (quoting *Allen v. R&H Oil & Gas Co.*, 73 F.3d 1326, 1335 (5th Cir. 1995)).

Here, Cox, LLC, the removing party, has not met its "burden to show that the jurisdictional amount is facially apparent for the present purposes, nor . . . made a showing sufficiently particularized to meet [their] burden." *Becnel v. State Farm Fire & Cas. Co.*, Civ. A. No. 07-6742, 2007 WL 4570821, at *1 (E.D. La. Dec. 26, 2007). In the state court Petition, Plaintiff alleges that as a result of the underlying accident, he sustained property damages to his vehicle and suffered "injuries to his neck, as well as fear, fright, panic, and terror, and in fact, thought that he had been shot."[20] Plaintiff further asserts that he "has suffered damages, past, present, and future, itemized as follows: (a) Property damage; (b) Medical expenses; (c) Mental anguish and suffering; and, (d) Physical pain and suffering; and plaintiff claims damages as are reasonable in the premises."[21] While Plaintiff seeks several items of damages, there is no indication of the amount in controversy related to his alleged damages. Thus, it is not facially apparent from the Petition that the amount in controversy is likely to exceed $75,000. Nonetheless, the Amended Notice of

---

[20] R. Doc. 1-3 at ¶¶ 5-6.
[21] *Id.* at ¶ 7.

Removal alleges that the amount in controversy is met based upon the damages sought in the Petition. Cox, LLC has not alleged any facts or submitted any evidence to show that the amount in controversy exceeds the $75,000 jurisdictional threshold. To the contrary, Cox, LLC submitted a Memorandum regarding the Amended Notice of Removal, asserting that "plaintiff has admitted that his claims do not exceed $50,000.00, exclusive of interest and costs," and that Cox, LLC "consents to remand of this matter to state court."[22]

In light of the uncertainty of the amount in controversy in the Petition and the Amended Notice of Removal, Cox, LLC's representation that the amount in controversy is not met in this case and Plaintiff's assertion that his claims do not meet the jurisdictional threshold of 28 U.S.C. § 1332(a), the undersigned recommends that this matter be remanded to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, for lack of subject matter jurisdiction. Because the Motion to Remand only asserts that subject matter jurisdiction is lacking based on the amount in controversy, the Court does not reach the issue of whether the parties are completely diverse.

**Conclusion**

Based on the foregoing, Cox Communications Louisiana, LLC has not met its burden of proving that the Court has subject matter jurisdiction over the claims asserted by the Plaintiff based upon diversity jurisdiction under 28 U.S.C. § 1332(a). Specifically, Cox Communications Louisiana, LLC has failed to submit sufficient evidence to establish that the requisite amount in controversy has been met in this case.

---

[22] R. Doc. 6.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that Plaintiff's Motion to Remand[23] should be **GRANTED** and that this matter should be **REMANDED** to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, for lack of subject matter jurisdiction under 28 U.S.C. § 1332(a).

Signed in Baton Rouge, Louisiana, on November 3, 2017.

                                          **ERIN WILDER-DOOMES**
                                          **UNITED STATES MAGISTRATE JUDGE**

---

[23] R. Doc. 8.